Ana María Sugar Co., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Rafael Buscaglia, Tesorero, interventor.

Núm. 201.—*Sometido:* Febrero 11, 1949. *Resuelto:* Abril 27, 1949.

*J. Alemañy Sosa,* abogado de la peticionaria; *Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General,* en el alegato) y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Expedimos el auto en este caso para revisar la resolución del Tribunal de Contribuciones interpretando el alcance de las secciones 28(*a*) y 34(*a*), (*b*) y (*c*) de la Ley de Contribuciones sobre Ingresos, según enmendadas por la Ley núm. 88 de mayo 8 de 1945 (pág. 313).

La peticionaria pagó las contribuciones sobre ingresos para el año terminado en junio 30 de 1946. En abril de 1947 solicitó del Tesorero de Puerto Rico el reintegro de la

suma de $155.29 alegando que para el mencionado año había pagado indebidamente y en exceso dicha cantidad debido a que al computar la contribución *normal* no había considerado el crédito de 5 por ciento sobre el ingreso neto que dispone la sección 34(c) de la Ley. El Tesorero denegó el reintegro solicitado y la peticionaria recurrió al Tribunal de Contribuciones, ante el cual la contienda quedó limitada a una puramente de derecho, es decir, si de acuerdo con las secciones de la ley antes mencionadas las corporaciones tienen derecho a deducir de su ingreso neto un crédito de 5 por ciento al computar la contribución *normal*. El Tribunal de Contribuciones denegó la querella aceptando así la determinación del Tesorero.

 Las secciones 28 y 34 de la Ley de Contribuciones sobre Ingresos, según quedaron enmendadas por la Ley núm. 88 de 8 de mayo de 1945, en lo pertinente, disponen:

"Sección 28(a).—Se impondrá, cobrará y pagará por cada año contributivo sobre el ingreso neto de toda corporación o sociedad, una contribución *normal* del veintidós (22) por ciento del montante del ingreso neto que exceda del crédito provisto en la sección 34(a); excepto que las corporaciones y sociedades domésticas pagarán una contribución normal del veinte (20) por ciento.

"(b) Además de la contribución normal impuesta por el inciso (a) de esta sección, y las Secciones 41 y 44 de esta Ley, se impondrá, cobrará y pagará por cada año contributivo, sobre el ingreso neto de toda corporación o sociedad, que resulte después de deducir los créditos provistos en la Sección 34(a), (b) y (c), y sobre el ingreso neto de toda corporación de seguros de vida o compañía de seguros que resulte después de deducir los créditos provistos en la Sección 34(b) y (c), una contribución *adicional* (*surtax*) como sigue:

". . . [Se especifican.] . . . . . . . . ."

"Sección 34.—Para los fines de la contribución impuesta por la Sección 28, solamente se concederán los siguientes créditos:

"(a) La cantidad recibida como intereses sobre obligaciones de los Estados Unidos que se ha incluído en el ingreso bruto a virtud de la sección 31.

"(b) La cantidad a que ascienda la contribución normal impuesta a las corporaciones, sociedades, compañías de seguros de vida o compañías de seguros de acuerdo con las Secciones 28(a), 41 y 44 de esta Ley, pero este crédito se concederá solamente para los fines de la contribución impuesta por la Sección 28(b).

"(c) Cinco (5) por ciento sobre el ingreso neto tal como lo define la ley, de toda corporación, sociedad, o compañía de seguros de vida o compañía de seguros." (Bastardillas nuestras.)

Los apartados (a) y (b) de la sección 28, supra, fijan la contribución normal y adicional de las corporaciones y sociedades. El apartado (a), al fijar la contribución normal, concede un solo crédito o sea el provisto en la sección 34(a). El apartado (b), al fijar la contribución adicional, concede tres créditos, o sean los provistos en la sección 34(a), (b) y (c).

Esto no obstante, la peticionaria sostiene que tiene derecho, al computar su contribución *normal*, al crédito provisto en la sección 34(c), ya que la sección 34(b) dispone que el crédito en él concedido se refiere únicamente a la contribución *adicional* provista en la sección 28(b) y que, por tanto, debe aplicarse la máxima *expressio unius est exclusio alterius*, y que los créditos provistos en la sección 34(a) y (c) deben computarse para la imposición de la contribución *normal*. No estamos conformes. ¿Por qué ha de aplicarse dicha máxima a la sección 34(b) y no a la 28(a) y (b)? Si en esta última sección se especifican claramente cuáles son los créditos que se conceden para determinar la contribución normal y la adicional, ¿por qué hemos de hacer prevalecer la sección 34(b) sobre lo dispuesto en la sección 28(a) y (b)?

No debemos ni podemos interpretar estas secciones aisladamente la una de la otra. Debemos armonizarlas si existe algún conflicto en sus disposiciones, en tal forma que prevalezca la intención del legislador. Consideramos que la última frase contenida en la sección 34(b) al efecto de que "pero este crédito se concederá solamente para los fines de la contribución impuesta por la Sección 28(b)", constituye una mera redundancia (*surplusage*) ya que si la sección 28(b) expre-

samente dispone que para calcular la contribución *adicional* se tomarán en consideración los créditos detallados en la sección 34(*a*), (*b*) y (*c*), era innecesario en la sección 34(*b*) repetir que el crédito allí especificado se concedía únicamente en relación con la contribución *adicional* provista en la sección 28(*b*). Una vez que eliminemos esa redundancia de la sección 34(*b*), se hace fácil interpretar el alcance de las secciones 28 y 34. La sección 28(*a*) dispone la contribución normal con su único crédito, o sea el provisto en la sección 34(*a*). La sección 28(*b*) dispone la contribución *adicional* con sus créditos, o sean los provistos en la sección 34(*a*), (*b*) y (*c*). Así armonizados, no existe conflicto alguno entre ambas secciones. Interpretarlas en la forma que pretende la peticionaria sería dar preferencia y validez únicamente a la sección 34(*b*) y hacer caso omiso de las disposiciones de la sección 28(*a*) y (*b*).

Cualquier error gramatical en la redacción de estas secciones en legislación anterior ha quedado claramente subsanado por las enmiendas de estas secciones en la Ley núm. 88 de 1945.

*Debe confirmarse la resolución recurrida.*

Los Señores Jueces Presidente De Jesús y Asociado Negrón Fernández, no intervinieron.